**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3287-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EDDY A. CASCO,

     Defendant-Appellant.

_____

Submitted January 21, 2020 – Decided February 3, 2020

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 07-06-0962.

Eddy A. Casco, appellant pro se.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Lillian M. Kayed, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

     Defendant appeals from a February 27, 2019 order denying his motion for a reduction in his sentence. Judge Patrick J. Arre entered the order and issued a

thorough written decision. We affirm for the reasons given by the judge, and add the following comments.

In 2008, defendant pled guilty to aggravated manslaughter, N.J.S.A. 2C:11-4(a), and the court sentenced him in accordance with the plea agreement to eighteen years in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. During sentencing, the court found that aggravating factors three, six, and nine outweighed mitigating factor seven. In November 2009, we affirmed defendant's conviction on our excessive sentence oral argument (ESOA) calendar, and thereafter denied his post-conviction relief petition.

On appeal, defendant argues:

> POINT I
>
> THE [JUDGE] ERRED WHEN [HE] DENIED DEFENDANT'S MOTION FOR A REDUCTION AND/OR A CHANGE OF SENTENCE PURSUANT TO RULE 3:21-10(b).

Defendant's contention that the judge misapplied Rule 3:21-10 is misguided. In May 2008, the court entered defendant's judgment of conviction (JOC). In February 2019, defendant filed his motion seeking a reduction to his sentence. Rule 3:21-10(a) imposes filing deadlines, which defendant missed:

> Except as provided in paragraph (b) hereof, a motion to reduce or change a sentence shall be filed not later than [sixty] days after the date of the [JOC]. The court may

A-3287-18T4

> reduce or change a sentence, either on motion or on its own initiative, by order entered within [seventy-five] days from the date of the [JOC] and not thereafter.

Defendant's motion to reduce or change his sentence was not filed within the sixty-day deadline. The exceptions to that time limitation are listed in <u>Rule</u> 3:21-10(b):

> A motion may be filed and an order may be entered at any time (1) changing a custodial sentence to permit entry of the defendant into a custodial or non-custodial treatment or rehabilitation program for drug or alcohol abuse, or (2) amending a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant, or (3) changing a sentence for good cause shown upon the joint application of the defendant and prosecuting attorney, or (4) changing a sentence as authorized by the Code of Criminal Justice, or (5) correcting a sentence not authorized by law including the Code of Criminal Justice, or (6) changing a custodial sentence to permit entry into the Intensive Supervision Program, or (7) changing or reducing a sentence when a prior conviction has been reversed on appeal or vacated by collateral attack.

Defendant maintains that the court misapplied the aggravating and mitigating factors, but such an argument—which we previously addressed on our ESOA calendar—does not meet the exceptions in <u>Rule</u> 3:21-10(b). Indeed, none of the exceptions apply.

    Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3287-18T4